JUDGE BAER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

MARY WILSON,

                    Plaintiff,

    -against-

THE CITY OF NEW YORK; ILBEY AYKAC,
Individually and in His Official Capacity; MICHAEL
COSTA, Individually and in His Official Capacity;
JOSHUA FARANDA, Individually and in His Official
Capacity; JESSE ULLGER, Individually and in His
Official Capacity; and JOHN/JANE DOES, Nos. 1-10,
Individually and in Their Official Capacities (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                    Defendants.

-------------------------------------------------------------------x

13 CV 7649

**COMPLAINT**

**Jury Trial Demanded**

ECF Case

RECEIVED OCT 29 2013 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff MARY WILSON, by her attorney, Robert T. Perry, respectfully alleges as follows:

## NATURE OF ACTION

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of her civil rights under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts supplemental claims under New York law.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

3. The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4. The Court has jurisdiction over plaintiff's supplemental state law claims under 28 U.S.C. § 1367.

5.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

6.      Plaintiff demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7.      Plaintiff MARY WILSON is a resident of the City, County, and State of New York.

8.      Defendant THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York. The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

9.      Defendant ILBEY AYKAC (Shield No. 28612) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Aykac was a police officer assigned to the Housing Borough Manhattan Impact Response Team. Defendant Aykac is being sued in his individual and official capacities.

10.     Defendant MICHAEL COSTA (Shield No. 11583) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Costa was a police officer assigned to the Housing Borough Manhattan Impact Response Team. Defendant Costa is being sued in his individual and official capacities.

11.     Defendant JOSHUA FARANDA (Shield No. 31043) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant

times herein, defendant Faranda was a police officer assigned to the Housing Borough Manhattan Impact Response Team. Defendant Faranda is being sued in his individual and official capacities.

12. Defendant JESSE ULLGER (Shield No. 30637) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Ullger was a police officer assigned to the Housing Borough Manhattan Impact Response Team. Defendant Ullger is being sued in his individual and official capacities.

13. All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual and official capacities.

14. At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

15. At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

16. On Thursday evening, May 16, 2013, at about 10:00 p.m., plaintiff Mary Wilson was sitting on a bench in the courtyard outside the apartment building at 1840 Lexington Avenue in East Harlem, within the James Weldon Johnson public housing project, across the street from her own apartment building in the same public housing project.

3

17. Plaintiff was talking to a friend Taisha Smith, who had just had a baby.

18. Plaintiff had not committed nor was committing any crime or offense.

19. There were other civilians present at the location, including a young man who was sitting near plaintiff.

20. Two police officers approached the young man and asked him whether a cup of liquid on the ground belonged to him.

21. The young man denied that the cup of liquid belonged to him, telling the officers that he did not even drink.

22. The officers nonetheless insisted that the cup of liquid belonged to the young man.

23. The officers next threw the young man to the ground for no apparent reason other than that they were angry with him.

24. Other civilians, including plaintiff, began to protest the police misconduct.

25. In response to the protest, one of the officers called for backup over a hand radio.

26. Other police officers immediately came to the scene.

27. Not wishing to get arrested, plaintiff decided to go home.

28. As plaintiff began to cross Lexington Avenue, she heard an officer yell, in sum and substance, "Get her. Take that bitch too."

29. Two police officers grabbed plaintiff and threw her face down on the hood of a car.

30. Approximately four more officers piled on top of plaintiff.

31. Plaintiff did not provoke the assault and offered no physical resistance.

32. After plaintiff was rear-cuffed, an officer threw her into the back seat of a police car, banging her head into the roof of the car in the process.

33. Plaintiff was taken to the Public Service Area 5 precinct ("PSA 5"), where she was held until the next morning.

4

34. While being held at PSA 5, plaintiff was searched by a female police officer, who made plaintiff loosen and shake her bra in the officer's presence.

35. In connection with plaintiff's arrest, police officers filed a false and misleading report and made false and misleading statements regarding the circumstances of the arrest. As a result, the New York County District Attorney ("District Attorney") decided to prosecute plaintiff.

36. At about 8:00 a.m. the next morning, Friday, May 17, 2013, plaintiff was taken to Central Booking at 100 Centre Street in Manhattan.

37. At about 6:30 p.m. on Friday, May 17, 2013, plaintiff was arraigned in New York County Criminal Court at 100 Centre Street in Manhattan and charged with obstructing governmental administration in the second degree, resisting arrest, disorderly conduct, and harassment in the second degree in a complaint sworn to by defendant Michael Costa.

38. Plaintiff pleaded not guilty to the charges, because the allegations were false and she was innocent of all charges.

39. At about 7:00 p.m. on Friday, May 17, 2013, plaintiff was released from custody, after approximately 21 hours in custody.

40. On October 9, 2013, the criminal case against plaintiff was adjourned in contemplation of dismissal.

41. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, loss of liberty, physical restraints, and violation of her constitutional rights.

## FIRST CLAIM FOR RELIEF

### (False Arrest Claim Under 42 U.S.C. § 1983)

42. Plaintiff repeats and realleges paragraphs "1" through "41" with the same force and effect as if they were fully set forth herein.

5

43. Defendants, acting in concert and within the scope of their authority, stopped, arrested, and caused plaintiff to be imprisoned without probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Excessive Force Claim Under 42 U.S.C. § 1983)

44. Plaintiff repeats and realleges paragraphs "1" through "43" with the same force and effect as if they were fully set forth herein.

45. Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### (Free Speech Claim Under 42 U.S.C. § 1983)

46. Plaintiff repeats and realleges paragraphs "1" through "45" with the same force and effect as if they were fully set forth herein.

47. Defendants, acting in concert and within the scope of their authority, retaliated against plaintiff for protesting police misconduct, in violation of plaintiff's right to freedom of speech under the First and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

### (Unlawful Strip Search Claim Under 42 U.S.C. § 1983)

48. Plaintiff repeats and realleges paragraphs "1" through "47" with the same force and effect as if they were fully set forth herein.

49. Defendants, acting in concert and within the scope of their authority, caused plaintiff to be strip searched without reasonable suspicion or probable cause to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## FIFTH CLAIM FOR RELIEF

### (Failure-to-Intervene Claim Under 42 U.S.C. § 1983)

50. Plaintiff repeats and realleges paragraphs "1" through "49" with the same force and effect as if they were fully set forth herein.

51. Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, thus violating plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

## SIXTH CLAIM FOR RELIEF

### (Municipal Liability Claim Under 42 U.S.C. § 1983)

52. Plaintiff repeats and realleges paragraphs "1" through "51" with the same force and effect as if they were fully set forth herein.

53. The individual defendants, singly and collectively, while acting under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of the City and the NYPD forbidden by the Constitution of the United States.

54. The foregoing customs, policies, practices, procedures, rules, and usages include, but are not limited to, making arrests without probable cause, subjecting individuals to excessive force, and committing perjury.

7

55. The existence of the foregoing customs, policies, procedures, rules, and usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in recent civil rights actions filed against the City:

(1) **Angel Bonilla v. City of New York**, United States District Court, Eastern District of New York, 12 CV 3368;

(2) **Ciara Caraballo v. City of New York**, United States District Court, Southern District of New York, 11 CV 8917;

(3) **Michael Hemphill v. City of New York**, United States District Court, Southern District of New York, 11 CV 2160;

(4) **Shelly Levy v. City of New York**, United States District Court, Southern District of New York, 11 CV 0227;

(5) **Casimiro Medina v. City of New York**, United States District Court, Eastern District of New York, 10 CV 3158; and

(6) **Francisco Baez v. City of New York**, United States District Court, Southern District of New York, 08 CV 10604.

56. The City has inadequately screened, hired, retained, trained, and supervised its employees, including the individual defendants herein, to respect the constitutional rights of those individuals with whom NYPD police officers come in contact.

57. The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

58. The foregoing customs, policies, practices, procedures, rules, or usages were the direct and proximate cause of the constitutional violations suffered by plaintiff.

59. The foregoing customs, policies, practices, procedures, rules, or usages were the moving force behind the constitutional violations suffered by plaintiff.

### Supplemental State Law Claims

60. Plaintiff repeats and realleges paragraphs "1" through "59" with the same force and effect as if they were fully set forth herein.

61. Within ninety (90) days after the claims herein arose, plaintiff duly served upon, presented to, and filed with the City a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

62. More than thirty (30) days have elapsed since the presentation of plaintiff's claims to the City. The City has wholly neglected or refused to make an adjustment or payment thereof.

63. This action was commenced within one (1) year and ninety (90) days after the claims accrued.

64. Plaintiff has complied with all conditions precedent to maintaining the instant action.

## SEVENTH CLAIM FOR RELIEF

### (False Arrest Claim Under New York Law)

65. Plaintiff repeats and realleges paragraphs "1" through "64" with the same force and effect as if they were fully set forth herein.

66. Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, and without any warrant or authority to do so.

## EIGHTH CLAIM FOR RELIEF

### (Assault Claim Under New York Law)

67. Plaintiff repeats and realleges paragraphs "1" through "66" with the same force and effect as if they were fully set forth herein.

68. Defendants, acting in concert and within the scope of their authority, placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

## NINTH CLAIM FOR RELIEF

### (Battery Claim Under New York Law)

69. Plaintiff repeats and realleges paragraphs "1" through "68" with the same force and effect as if they were fully set forth herein.

70. Defendants, acting in concert and within the scope of their authority, made offensive contact with plaintiff without privilege or consent.

## TENTH CLAIM FOR RELIEF

### (Free Speech Claim Under the New York State Constitution)

71. Plaintiff repeats and realleges paragraphs "1" through "70" with the same force and effect as if they were fully set forth herein.

72. Defendants, acting in concert and within the scope of their authority, retaliated against plaintiff for protesting police misconduct, in violation of plaintiff's right to freedom of speech under Article I, Section 8 of the New York State Constitution.

## ELEVENTH CLAIM FOR RELIEF

### (Negligent Screening, Hiring, and Retention Claim Under New York Law)

73. Plaintiff repeats and realleges paragraphs "1" through "72" with the same force and effect as if they were fully set forth herein.

74. The City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above unlawful conduct.

## TWELFTH CLAIM FOR RELIEF

### (Negligent Training and Supervision Claim Under New York Law)

75. Plaintiff repeats and realleges paragraphs "1" through "74" with the same force and effect as if they were fully set forth herein.

76. The City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above unlawful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

(A) Compensatory damages in an amount to be determined at trial;

(B) Punitive damages in an amount to be determined at trial;

(C) Reasonable attorney's fees and costs of this litigation; and

(D) Such other relief as this Court deems just and proper.

Dated: Brooklyn, New York
October 29, 2013

Respectfully submitted,

*Robert T. Perry*

ROBERT T. PERRY (RP-1199)
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
MARY WILSON,                                              :
                                                          :
                              Plaintiff,                  :
                                                          :
         -against-                                        :
                                                          :
THE CITY OF NEW YORK; ILBEY AYKAC,                        :
Individually and in His Official Capacity; MICHAEL        :
COSTA, Individually and in His Official Capacity;         :
JOSHUA FARANDA, Individually and in His Official          :
Capacity; JESSE ULLGER, Individually and in His           :
Official Capacity; and JOHN/JANE DOES, Nos. 1-10,         :
Individually and in Their Official Capacities (the names  :
John and Jane Doe being fictitious, as the true names are :
presently unknown),                                       :
                                                          :
                              Defendants.                 :
-------------------------------------------------------------------------x


## COMPLAINT


ROBERT T. PERRY
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*